## TURCOTT v. UNITED STATES.

### PROBST et al. v. SAME.

Circuit Court of Appeals, Seventh Circuit.
October 21, 1927.

### Nos. 3858, 3886.

Conspiracy ⬡44½—Active participation in alleged conspiracy must be established, mere knowledge of others' illegal acts being insufficient.

It is well settled that active participation in alleged conspiracy must be established, and that mere knowledge of illegal acts of others is not sufficient.

In Error to the District Court of the United States for the Eastern District of Illinois.

Ben Turcott, George C. Probst, and Benjamin Probst, with eight others, were convicted of conspiracy to violate the Prohibition Law, and the Probsts jointly and Ben Turcott prosecuted writs of error, which were heard together. Reversed and remanded with directions.

John N. Karns, of East St. Louis, Ill., for plaintiff in error Turcott.

Patrick H. Cullen, of St. Louis, Mo., for plaintiffs in error Probst.

Ralph F. Lesemann, of East St. Louis, Ill., for the United States.

Before ALSCHULER, EVAN A. EVANS, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. These writs of error were heard together and will be disposed of in the same way.

Plaintiffs in error, together with eight other persons, were convicted of conspiracy to violate the Prohibition Law (27 USCA). At the close of all the evidence each of the defendants moved the court to direct the jury to return a verdict of not guilty, upon the ground that there was no evidence to sustain a verdict against them. These motions were overruled and excepted to. Plaintiffs in error sued out these writs and assign this ruling as error. Many other errors are assigned, but in the view that we take of the case it is not necessary to consider them.

The other defendants have not sued out any writs, and are not here questioning the sufficiency of the evidence to sustain a verdict against them. The contention of plaintiffs in error is that the evidence is not sufficient to warrant a verdict against them even if a conspiracy was established against two or more of the other defendants. They insist that there is no evidence to warrant the conclusion that they actively participated in the scheme or plan alleged. The law is well settled that active participation must be established; mere knowledge of the illegal acts of others is not sufficient. The evidence relied upon to connect plaintiffs in error with the conspiracy is uncontradicted, but it is wholly insufficient to warrant the conclusion of active participation.

It was error for the court to overrule their motions to direct a verdict of not guilty, and the cause is reversed and remanded, with direction to grant plaintiffs in error a new trial.